**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CARL FOXWORTH,
Plaintiff-Appellant,

v.

BUD RICHARDSON, Marion County
Sheriff, in his individual capacity;

JIM GRAHAM, Marion County Deputy
Sheriff, in his individual capacity;
VON TURBEVILLE, Marion County
Deputy Sheriff, in his individual
capacity,
Defendants-Appellees.

No. 97-1001

Appeal from the United States District Court
for the District of South Carolina, at Florence.
William B. Traxler, Jr., District Judge.
(CA-95-3770-4-21)

Submitted: January 30, 1998

Decided: March 16, 1998

Before ERVIN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William I. Diggs, Myrtle Beach, South Carolina, for Appellant. L.
Hunter Limbaugh, WILLCOX, MCLEOD, BUYCK & WILLIAMS,
P.A., Florence, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this case, the district court found as undisputed material facts that Carl Foxworth accosted three individuals, blocked their escape, fired three shots into the sports utility vehicle they were driving, and directed them to lie on the ground. After they complied, Foxworth discharged his weapon into the ground near one of the individuals and kicked two of them. After he was arrested for his role in this incident, Foxworth sued. Foxworth claims in his civil action under 42 U.S.C. § 1983 (1994), that the Marion County Sheriff and two of his deputies violated Foxworth's constitutional rights as a result of his arrest. The district court granted summary judgment in favor of the Sheriff and his deputies. Because we agree that the arrest was supported by probable cause, and find no merit to Foxworth's claim that the Sheriff intentionally omitted material facts in seeking an arrest warrant, we affirm.

Foxworth's suit is premised on his allegation that he was arrested without probable cause. See Taylor v. Waters, 81 F.3d 429, 434 (4th Cir. 1996). Probable cause is defined as the "`facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person . . . in believing . . . that the suspect has committed, is committing, or is about to commit an offense.'" United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)). In determining the existence of probable cause, courts examine the totality of the circumstances known to the arresting officer when the arrest is executed. See United States v. Al-Talib, 55 F.3d 923, 931 (4th Cir. 1995). Foxworth does not contest that the circumstances noted above, reported to the deputy sheriffs by the individuals Foxworth accosted and assaulted, would inexorably lead the Appellees to the conclusion that Foxworth had committed several offenses. Rather, his contention on appeal is that the deputies, in relaying this information to the magistrate to obtain several arrest

2

warrants, intentionally omitted material facts relevant to the probable cause determination.

A false or misleading statement in an affidavit used to obtain an arrest warrant will result in a violation of the Fourth Amendment only if "the statement is `necessary to the finding of probable cause.'" Wilkes v. Young, 28 F.3d 1362, 1365 (4th Cir. 1994) (quoting Franks v. Delaware, 438 U.S. 154, 156 (1978)). Moreover, there must be a substantial showing that the warrant affiant deliberately misled the magistrate. See United States v. Jeffus, 22 F.3d 554, 558 (4th Cir. 1994). On appeal, Foxworth contends that the deputies failed to inform the magistrate of potentially exculpatory information. Presumably, Foxworth believes that the deputies did not include in their application for the arrest warrants Foxworth's assertions that the individuals were trespassing, intoxicated and armed with a shotgun.[1] Foxworth also suggests that the magistrate was not permitted to take into account that one of the individuals that Foxworth detained was the son of the first cousin of one of the deputies and the damaged truck belonged to the other deputy.

Notwithstanding these insinuations, Foxworth failed to present any evidence of precisely what the applications for the arrest warrant omitted. Nothing in the record before this court or the district court provides any evidence of what the deputies included or failed to include in their application before the magistrate judge. In his brief, Foxworth claims that he was "rousted from his bed" and "forced to fire shots into the side of the vehicle to disarm the intoxicated youths." Appellant's Br. at 13. According to Foxworth, if those facts had been presented to the magistrate, the circumstances "would not warrant the belief of a prudent person that Foxworth was committing an offense." Id. We disagree.[2]  The specific facts of the situation may

_____

[1] Foxworth alleged that the individual with the shotgun pointed the weapon at Foxworth's companion. Although this contention is supported by the deposition testimony of the companion, there is no evidence of record that the Appellees were apprised of this information before obtaining the arrest warrants. The deposition testimony of one of the Appellees that Foxworth only volunteered this information after being informed he would be charged with criminal conduct is uncontroverted in the record.
[2] Foxworth suggests that it is remarkable that he did not kill anyone. While we agree that it was fortunate that no one was seriously injured,

3

have led Foxworth to believe that he was justified in detaining the three individuals, discharging his weapon numerous times, damaging the truck and physically assaulting two of the individuals, but there can be no question that he was also committing numerous offenses. Even assuming the Appellees withheld the additional information, as Foxworth suggests, the inclusion of that information would not have precluded the magistrate's finding that probable cause existed. See Wilkes, 28 F.3d at 1365. The district court did not err in its determination.

Accordingly, we affirm the district court's order granting summary judgment in favor of the Appellees. In light of our conclusion with respect to the existence of probable cause, we find no need to address Foxworth's arguments regarding the Appellees' qualified immunity. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

the fact that there was not a fatality does not lead us to the conclusion that there was no probable cause for an arrest. Counsel's suggestion to the contrary is alarming.